Blanche E. Lane v. Commissioner.
Lane v. Commissioner
Docket No. 58813.
United States Tax Court
T.C. Memo 1956-209; 1956 Tax Ct. Memo LEXIS 85; 15 T.C.M. (CCH) 1088; T.C.M. (RIA) 56209; September 17, 1956
*85 P. Levin, Esq., for the respondent. KERN Memorandum Findings of Fact and Opinion Respondent determined deficiencies in income tax and additions to tax under sections 293(b), 291(a), 294(d)(1) and 294(d)(2), Internal Revenue Code of 1939, against petitioner for the years 1940 to 1951, inclusive, as follows: Additions to Tax under
Section
Section
Section
Section
Year
Deficiency
293(b)
291(a)
294(d)(1)
294(d)(2)
1940
$ 273.90
$ 136.95
$ 68.48
1941
757.55
378.78
189.39
1942
1,385.69
692.85
346.42
1943
1,317.30
658.65
329.33
1944
1,572.09
786.05
393.02
$ 157.20
$ 94.33
1945
2,375.92
1,187.96
593.98
237.60
142.56
1946
1,496.25
748.13
374.06
149.64
89.77
1947
2,133.68
1,066.84
533.42
213.36
128.02
1948
1,075.84
537.92
268.96
107.60
64.55
1949
863.29
431.65
215.83
86.32
51.80
1950
552.63
276.31
138.16
55.28
33.16
1951
876.74
438.37
219.19
79.56
47.74
$14,680.88
$7,340.46
$3,670.24
$1,086.56
$651.93
The petition filed herein alleged error on the part of respondent with regard to all matters covered by his determination. The facts *86 stated by petitioner as "a basis for this proceeding" were that "sums derived by petitioner did not constitute income subject to tax * * * to the best of her information, belief and knowledge" and that "the sums determined as not reported for each of the years * * * were * * * in excess of sums directly or indirectly received by petitioner." While the petition was typewritten and appeared to be carefully prepared, it was signed only by petitioner and no counsel for petitioner ever entered his appearance herein. In his answer respondent alleged that during the taxable years petitioner was engaged in business and income-producing activities thereby realizing income in the amounts determined by him, and that with intent to evade and defeat tax petitioner did not keep adequate and complete books of account and records of her business and income-producing activities, and failed to file an income tax return for each of the taxable years. Petitioner filed no reply to respondent's answer. Respondent filed a motion under Rule 18 that the undenied affirmative allegations of his answer be deemed admitted. This motion was denied because "the Court has been unable to make service on petitioner *87 of respondent's motion." This case was tried on June 15, 1956, pursuant to proper notice, a copy of which was mailed to petitioner on March 23, 1956, addressed to the residence alleged to be hers in her petition filed herein on July 18, 1955. Petitioner appeared neither at the trial nor at the call of the docket of cases scheduled for trial in Chicago, Illinois, on June 11, 1956, which included this case. Upon motion by counsel for respondent this proceeding was dismissed for failure to properly prosecute except as to that part of the proceeding having to do with additions to tax under section 293(b) with regard to which respondent had the burden of proof. Findings of Fact Petitioner resided during the taxable years in Chicago, Illinois. She filed no Federal income tax returns for those years although a written statement signed by her showed that her living and non-deductible expenses for each of those years were in amounts ranging from $4,376.52 to $6,209.58. During the taxable years petitioner was a prostitute and the keeper of a house of prostitution, and derived from these activities, together with the legitimate rental of part of her premises, annual net income in the *88 amounts determined by respondent. Petitioner kept no books or records of any of her income-producing activities. In 1945 petitioner purchased with her own funds and continued from that date to own the equity in certain real estate in Chicago occupied by her but made arrangements for the equity to be held in the name of one of her male acquaintances. However, she herself filed returns for the social security taxes payable in connection with the employment of a janitor for these premises. One of the "legitimate" tenants of an apartment in petitioner's premises was an "income tax consultant" who solicited petitioner for employment in the preparation of petitioner's income tax returns. The deficiencies in petitioner's Federal income taxes here involved are due to fraud with intent to evade tax. Opinion KERN, Judge: Petitioner filed no income tax returns for the taxable years and kept no books or records of her income-producing activities. Respondent quite obviously was justified in computing her taxable income by the so-called net worth method. In addition to the testimony of two of respondent's agents we have before us a written statement signed by petitioner setting out her *89 living and nondeductible expenses which are in amounts, even excluding from our consideration annual increases in net worth determined by respondent, which would require the filing of returns, the payment of substantial taxes and the keeping of proper books and records. However, over all of the taxable years before us, petitioner filed no returns, paid no taxes and kept no books and records. From the petition filed herein, we gather that petitioner's contention is that "the wages of sin" are exempt from taxation. No citation of authority is necessary for the proposition that this contention is not tenable. Petitioner, who ignored other laws, disregarded the provisions of the Federal taxing statutes. From the entire record we are convinced that her failure to file returns and to keep books and records constituted fraud and that the deficiencies in income tax here involved are due to fraud with intent to evade tax within the meaning of section 293(b) of the Internal Revenue Code of 1939. Decision will be entered for the respondent.